IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | No. 6:22-CR-3 |
| v. § | JUDGE JDK/JDL |
| § | |
| JEFFREY PAUL MADISON (07) § | |
| TODD DEAN COOK (08) § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANTS JEFF MADISON AND TODD COOK'S
JOINT MOTION TO STRIKE SURPLUSAGE**

The United States of America hereby files this response in opposition to Defendants Jeff Madison and Todd Cook's Joint Motion to Strike Surplusage. ECF No. 380.

## INTRODUCTION

The Grand Jury returned an Indictment (the "Indictment") on January 13, 2022, against Jeff Madison, Todd Cook, and sixteen other defendants. ECF No. 1. Madison and Cook move under Federal Rule of Criminal Procedure 7(d) to strike specific portions of the indictment as surplusage (ECF No. 380 at 11). In Count One, the Grand Jury found probable cause that Madison and Cook (the "Defendants") knowingly and willfully conspired with others to violate the Anti-Kickback Statute. Indictment at 15–16. Madison and Cook allege that specific portions of the Indictment constitute surplusage. However, despite their protestations, they fail to meet the exacting standard required to strike purported surplusage. They have failed to show that the portions of which they complain are irrelevant, inflammatory, or prejudicial. Indeed, they must show all three. Accordingly, the Court should deny their motion.

**Government's Response in Opposition to Defendants' Joint Motion to Strike Surplusage – Page 1**

## LEGAL STANDARD

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). Pretrial motions may raise "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1), (3).

Under Federal Rule of Criminal Procedure 7(d), the Court may strike language from an indictment upon a defendant's motion if it is surplusage. Fed. R. Crim. P. 7(d). But it may do so only if the content is "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993); *see United States v. Grant*, 850 F.3d 209, 216 (5th Cir. 2017) (holding similarly). "This is an exacting standard that is only rarely met." *United States v. De Bruhl-Daniels*, 2020 WL 5819572, at *10 (S.D. Tex. 2020) (unpublished) (citing Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 128 (4th ed. 2008)). "Because this standard is strict, a court rarely grants such a motion." *United States v. Solomon*, 273 F.3d 1108 (5th Cir. 2001). "The court will not strike allegations that are relevant, no matter how prejudicial or inflammatory they may be to the defendant." *United States v. Markham*, No. 3:12-CR-159-D(3), 2013 WL 705113, at *5 (unpublished) (N.D. Tex. Feb. 27, 2013).

The mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken. *United States v. Solomon*, 273 F.3d 1108, 2001 WL 1131955, at *1 (5th Cir. 2001). Indeed, where information in an indictment is sufficiently relevant to the charged offense, a court should not strike it, no matter how prejudicial it may be. *United States v. Scarpa,* 913 F.2d 993, 1013 (2d

Cir.1990); *United States v. Edwards,* 72 F.Supp.2d 664, 667 (M.D. La. 1999), *appeal dismissed,* 206 F.3d 461 (5th Cir. 2000).

Evidence suggesting a motive for a crime is relevant. *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (citing *United States v. Mennuti*, 679 F.2d 1032, 1037 (2nd Cir.1982)). "It is in the trial judge's discretion to admit evidence suggesting the defendants' motive for the crime charged." *United States v. King*, 560 F.2d 122, 133 (2d Cir. 1977) (citing *Moore v. United States*, 150 U.S. 57, 60-61 (1893)).

## ARGUMENT

Madison and Cook ask this Court to strike as surplusage from the Indictment: (a) the word "falsely" in paragraph 5; (b) the word "False" in the heading on page 18 of the Indictment; (c) paragraph 10 and the word "false" in paragraph 12; (d) the phrase "falsely representing" in the third sentence of paragraph 18 and the phrase "when in fact the tests were for persons who were not patients at LRH at all" in the third sentence of paragraph 18; (e) the phrase "were neither inpatients nor outpatients of LRH" and the phrase "not hospital patients" in paragraph 43; and (f) the words "purported" and "scheme" in paragraph 48.

The Defendants do not show that the complained of language is irrelevant. They also do not show that it is inflammatory and prejudicial. The legal standard is clear: the portion to strike must be both irrelevant to the allegations at issue *and* inflammatory *and* prejudicial. *Grant*, 850 F.3d at 216. The indictment sections the Defendants identify are none of these things.

Indeed, the complained of language is relevant for many purposes, including, but not limited to, context, motive, intent, and to address inevitable defenses.

The indictment, including the language at issue, explains the context of the kickback conspiracy. It provides necessary context regarding the kickback conspiracy. It is the government's allegation of how the conspiracy unfolded. Evidence of acts committed pursuant to a conspiracy and offered to prove a defendant's membership or participation in a conspiracy is relevant. *See United States v. Davis*, 19 F.3d 166, 171 (5th Cir. 1994).

Defendants argue, without support, that because neither "fraud nor misrepresentations are elements of the conspiracy to violate the AKS" they must be stricken.[1,2] But as *Solomon* explains, the mere fact that information in an indictment

---

[1] There is a single reference to fraud (Count One ¶ 10) and only three references to misrepresentations in the Indictment (Count One ¶¶ 5, 13, and 18).

[2] The Defendants spend pages of briefing building an elaborate, but poorly disguised, strawman and attempting to knock it down. Their arguments are irrelevant. The government has charged a kickback conspiracy, not a healthcare fraud conspiracy. Indeed, despite the Defendants' protestations, the government has not alleged the healthcare fraud scheme the Defendants have described. Instead, a cursory review of the indictment reveals that the scheme the government references throughout the indictment is the kickback scheme. Paragraph 5 of Count One introduces the kickback scheme as follows:

> Pursuant to the kickback scheme, the hospitals paid a portion of their laboratory profits to recruiters, who in turn kicked back those funds to the referring providers who ordered BHD tests from the hospitals or from BHD directly. BHD executives and sales force personnel leveraged the MSO kickbacks to gain and increase provider referrals and, in turn, to increase their revenues, bonuses, and commissions. To increase reimbursement, one of the hospitals, LRH, falsely billed the laboratory tests as hospital outpatient services. Moreover, as part of the scheme, providers were encouraged by the laboratories, hospitals, and recruiters to routinely order large panels of laboratory tests for patients, even when not reasonable and necessary.

Count 1 ¶ 10. In the paragraphs that follow, it is clear that the scheme at issue is the "kickback scheme." *See* Count 1 ¶¶ 15, 21, 26, 29, 34, 37, 38, 59, 65, 83, 92, 101, and 103. The phrase "fraud scheme" was never used. Given that, it should be obvious to everyone, the Defendants included, that the scheme at issue is the kickback scheme.

**Government's Response in Opposition to Defendants' Joint Motion to Strike Surplusage – Page 4**

does not constitute an element of the charged offense does not require that it be stricken. 2001 WL 1131955, at *1. Where information in an indictment is relevant to the charged offense, as it is here, the court should not strike it.

The language at issue is relevant to explain the Defendants' motives in entering the kickback conspiracy. Many of the issues the Defendants complain about here highlight the very reasons they engaged in the conspiracy. The kickback scheme was predicated on the billing arrangement orchestrated by the Defendants. The billing arrangement was the fuel that made the kickback machine run. It provided financing that made the kickback scheme profitable.

The language at issue is also relevant to show the Defendants' intent. A jury can infer from a defendant's concealment, namely a defendant's suspicious conduct, misrepresentations, and method of compensation, that a defendant knew his conduct was unlawful. *See United States v. Ricard*, 922 F.3d 639, 648 (5th Cir. 2019). Here, the defendants' concealment is evidence of their intent to advance the kickback conspiracy.

The language at issue is also relevant to rebut likely defenses. While the government will not be required to prove fraud or false statement, evidence of false or fraudulent representations or promises and acts intended to defraud or deceive in connection with the kickback conspiracy are relevant to rebut certain defenses Defendants may raise at trial.

The language at issue is neither irrelevant nor inflammatory nor prejudicial. That legal standard is clear: the portion to strike must be both irrelevant to the allegations at issue *and* inflammatory *and* prejudicial. The indictment sections the Defendants identify

are none of these things. The Defendants' motion to strike surplusage from the indictment fails to meet the "exacting standard" that the law requires. *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). The standard is strict. For that reason, courts rarely grant such motions. The Court should not grant such a motion here.

## CONCLUSION

The Defendants' motion to strike surplusage should be denied.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

/s/ *Nathaniel C. Kummerfeld*
NATHANIEL C. KUMMERFELD
Assistant United States Attorney
Texas State Bar No. 24060122
110 N. College, Ste. 700
Tyler, TX 75702
(903) 590-1400
Nathaniel.Kummerfeld@usdoj.gov

ADRIAN GARCIA
Assistant United States Attorney
Texas State Bar No. 24084522
Adrian.Garcia@usdoj.gov
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

This is to certify that on June 15, 2023, this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel of record via electronic mail.

/s/ *Nathaniel C. Kummerfeld*
NATHANIEL C. KUMMERFELD